Appeal from an order of the Supreme Court, Rockland County (William A. Kelly, J.), entered October 5, 2015. The order denied the motion of the defendants Shraga Kahana and Eva Kahana pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against them as abandoned.
 

 Ordered that the order is affirmed, with costs.
 

 In April 2009, the plaintiff commenced this action to foreclose a mortgage on residential property owned by the defendants Shraga Kahana and Eva Kahana (hereinafter together the defendants). The defendants failed to answer the complaint. In August 2015, the defendants moved pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against them as abandoned. The Supreme Court denied the motion, and the defendants appeal.
 

 CPLR 3215 (c) provides, with regard to default judgments, in pertinent part, that “[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed.” “The one exception to the otherwise mandatory language of CPLR 3215 (c) is that the failure to timely seek a default on an unanswered complaint . . . may be excused if ‘sufficient cause is shown why the complaint should not be dismissed’ ” (Giglio v NTIMP, Inc., 86 AD3d 301, 308 [2011], quoting CPLR 3215 [c]). “This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious” (Giglio v NTIMP, Inc., 86 AD3d at 308; see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751-752 [2014]). The determination of whether there is a reasonable excuse is a matter left to the sound discretion of the Supreme Court (see Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874 [2017]).
 

 Under the circumstances of this case, the Supreme Court providently exercised its discretion in finding that the plaintiff proffered a reasonable excuse for the delay in seeking to enter a default judgment. Moreover, the plaintiff demonstrated the existence of a potentially meritorious cause of action. Accordingly, the court properly denied the defendants’ motion pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against them as abandoned.
 

 Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.