■ BANK OF NEW YORK MELLON, Formerly Known as BANK OF NEW YORK, as Trustee for the Holders of CWALT, INC., ALTERNATIVE LOAN TRUST 2004-J13, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-J13, Respondent, v JOHN ADAGO, Appellant, et al., Defendants. [63 NYS3d 495]—

Appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated January 6, 2016. The order, insofar as appealed from, denied those branches of the defendant John Adago's motion which were to dismiss the complaint insofar as asserted against him pursuant to CPLR 3215 (c) or, in the alternative, for leave to serve an untimely answer pursuant to CPLR 3012 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

In March 2014, the plaintiff commenced this action to foreclose a mortgage on property owned by the defendant John Adago. Adago failed to timely answer the complaint. In May

2015, Adago moved, inter alia, to dismiss the complaint insofar as asserted against him pursuant to CPLR 3215 (c) or, in the alternative, for leave to serve an untimely answer pursuant to CPLR 3012 (d). The Supreme Court denied those branches of Adago's motion, and Adago appeals.

CPLR 3215 (c) provides, with regard to default judgments, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The one exception to the otherwise mandatory language of CPLR 3215 (c) is that the failure to timely seek a default on an unanswered complaint . . . may be excused if 'sufficient cause is shown why the complaint should not be dismissed' " (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 308 [2011], quoting CPLR 3215 [c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (*Giglio v NTIMP, Inc.*, 86 AD3d at 308; *see Wells Fargo Bank, N.A. v Kahana*, 153 AD3d 1300 [2017]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 751 [2014]). The determination of whether there is a reasonable excuse is a matter left to the sound discretion of the Supreme Court (*see Park Lane N. Owners, Inc. v Gengo*, 151 AD3d 874, 876 [2017]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in finding that the plaintiff proffered a reasonable excuse for the delay in seeking to enter a default judgment. Moreover, the plaintiff demonstrated the existence of a potentially meritorious cause of action. Accordingly, the court properly denied that branch of Adago's motion which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3215 (c).

The Supreme Court providently exercised its discretion in denying that branch of Adago's motion which was for leave to serve an untimely answer pursuant to CPLR 3012 (d). CPLR 3012 (d) provides that a court may extend the time to appear or plead, or compel the acceptance of an untimely pleading, "upon such terms as may be just and upon a showing of reasonable excuse for . . . delay or default" (*see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 226 [2011]). "To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially

meritorious defense to the action" (*Mannino Dev., Inc. v Linares*, 117 AD3d 995, 995 [2014]; *see Federal Natl. Mtge. Assn. v Zapata*, 143 AD3d 857, 858 [2016]). Here, Adago failed to provide a reasonable excuse (*see US Bank, N.A. v Samuel*, 138 AD3d 1105, 1106-1107 [2016]; *U.S. Bank N.A. v Ahmed*, 137 AD3d 1106, 1109 [2016]; *Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047, 1049 [2015]). Inasmuch as Adago failed to demonstrate a reasonable excuse for the default, we need not consider whether he offered a potentially meritorious defense to the action (*see Federal Natl. Mtge. Assn. v Zapata*, 143 AD3d at 858). Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.