Vega v West Nostrand Realty, LLC (2019 NY Slip Op 01120)





Vega v West Nostrand Realty, LLC


2019 NY Slip Op 01120


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-08181
 (Index No. 512133/16)

[*1]Victor Vega, respondent,
v
West Nostrand Realty, LLC, appellant.


Gold Benes, LLP, Bellmore, NY (Jeffrey B. Gold and Karen C. Higgins of counsel), for appellant.
Herschel Kulefsky (Ephrem J. Wertenteil, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated April 13, 2017. The order granted the plaintiff's motion for leave to enter a default judgment against the defendant on the issue of liability and denied the defendant's cross motion to compel the plaintiff to accept its late answer.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he slipped and fell on a sidewalk abutting premises owned by the defendant, a limited liability company. The plaintiff subsequently commenced this action, and served the defendant via the New York Secretary of State pursuant to Limited Liability Company Law § 303. The defendant failed to answer, and the plaintiff moved for leave to enter a default judgment against the defendant on the issue of liability. The defendant cross-moved to compel the plaintiff to accept its late answer. The Supreme Court granted the motion and denied the cross motion, and the defendant appeals.
"To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Mannino Dev., Inc. v Linares, 117 AD3d 995, 995).
Here, the defendant failed to demonstrate a reasonable excuse for its delay in answering the complaint (see Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054). Therefore, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (see Bank of N.Y. Mellon v Adago, 155 AD3d 594; Deutsche Bank Natl. Trust Co. v Kuldip, 136 AD3d 969).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for leave to enter a default judgment against the defendant on the issue of liability [*2]and denying the defendant's cross motion to compel the plaintiff to accept its late answer.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court