Select Portfolio Servicing, Inc. v Marshall (2019 NY Slip Op 04981)





Select Portfolio Servicing, Inc. v Marshall


2019 NY Slip Op 04981


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-07156
 (Index No. 11447/14)

[*1]Select Portfolio Servicing, Inc., respondent,
v
Lloyd Marshall, etc., appellant, et al., defendants.


Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek and Richard Femano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lloyd Marshall appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 28, 2017. The order denied the motion of the defendant Lloyd Marshall pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on residential real property owned by the defendant Lloyd Marshall (hereinafter the defendant) by the filing of a summons and complaint on December 3, 2014. After the plaintiff's due diligence efforts to serve the defendant proved unsuccessful, the plaintiff obtained an order dated September 10, 2015, authorizing service of the defendant by publication. Although the defendant's time to answer expired in December 2015, no answer was served. In January 2017, 13 months after his default in answering, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court denied the motion, and the defendant appeals.
CPLR 3215(c) provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "[T]he failure to timely seek a default on an unanswered complaint . . . may be excused if sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d 301, quoting CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308; see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751-752). The determination of what constitutes a reasonable excuse for the delay in seeking a default judgment is a matter addressed to the sound discretion of the Supreme Court (see Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874, 876).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion. The plaintiff's unrebutted submissions in opposition to the motion set forth detailed and specific information establishing a reasonable excuse for the delay in seeking to enter a default judgment and the existence of a potentially meritorious cause of action (see Bank of N.Y. Mellon v Adago, 155 AD3d 594, 595; Wells Fargo Bank, N.A. v Kahana, 153 AD3d 1300, 1301), and negated any intent to abandon the action (see generally Bank of Am., N.A. v Lucido, 163 AD3d 614, 616; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773-774). Accordingly, we agree with the Supreme Court's denial of the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him.
The defendant's remaining challenge to the plaintiff's papers submitted in opposition to the defendant's motion is improperly raised for the first time on appeal, and we do not consider it.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court