Wilmington Trust, N.A. v Ashe (2020 NY Slip Op 07429)





Wilmington Trust, N.A. v Ashe


2020 NY Slip Op 07429


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-11319
 (Index No. 607213/17)

[*1]Wilmington Trust, National Association, etc., respondent, 
v
Carmen Ashe, appellant, et al., defendants.


Kupillas Unger & Benjamin, New York, NY (Jeffrey Benjamin of counsel), for appellant. 
McCalla Raymer Leibert Pierce, LLC, New York, NY (Chong S. Lim of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carmen Ashe appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated August 6, 2018. The order denied the motion of the defendant Carmen Ashe pursuant to CPLR 3012 to compel the plaintiff to accept her late answer, and granted the plaintiff's cross motion for an order of reference.
ORDERED that the order is affirmed, with costs.
On April 18, 2017, the plaintiff commenced this action to foreclose a mortgage against the defendant Carmen Ashe (hereinafter the defendant), among others. The defendant's time to answer the complaint expired on June 8, 2017. The defendant attempted to serve her answer on June 20, 2017, but the plaintiff rejected it.
By notice of motion dated August 24, 2017, the defendant moved pursuant to CPLR 3012 to compel the plaintiff to accept her late answer. In support of her motion, the plaintiff submitted the affirmation of her attorney, who stated that the defendant was pro se at the time she attempted to serve her answer, and argued that the Supreme Court should overlook the de minimis delay. The defendant did not submit her own affidavit, and her attorney offered no explanation for the defendant's 12-day delay in serving her answer.
The plaintiff cross-moved for an order of reference. In support of its cross motion, plaintiff submitted the note, the mortgage, and the affidavit of a document execution specialist for the plaintiff's loan servicer, who stated that the loan "is in default and is due for the May 1, 2011 payment and all subsequent payments." The plaintiff also opposed the defendant's motion to compel acceptance of her late answer by arguing that defendant had failed to proffer a reasonable excuse for her default.
In an order dated August 6, 2018, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion The defendant appeals.
We agree with the Supreme Court's determination to deny the defendant's motion to compel acceptance of her late answer. "To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Mannino Dev., Inc. v Linares, 117 AD3d 995, 995; see CPLR 3012[d]). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792). Where the defendant fails to demonstrate a reasonable excuse for the default, the court need not consider whether a potentially meritorious defense was offered (see Bank of N.Y. Mellon v Adago, 155 AD3d 594, 596).
Here, the defendant offered only the affirmation of her attorney in support of her motion to compel the plaintiff to accept her late answer. However, the attorney offered no explanation as to why the defendant's answer was served 12 days late. Moreover, the defendant failed to submit her own affidavit, and thus failed to offer her own explanation for her failure to timely serve an answer. Thus, since the defendant failed to offer a reasonable excuse for her default, the Supreme Court providently exercised its discretion in denying the defendant's motion to compel acceptance of her answer.
We further agree with the Supreme Court's determination to grant the plaintiff's cross motion for an order of reference. The defendant is precluded from raising arguments regarding standing and RPAPL 1304 which are nonjurisdictional and cannot be raised without first vacating her default (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026; US Bank N.A. v Dorestant, 131 AD3d 467, 469-470). Since the defendant failed to vacate her default, we do not address these arguments.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court