BAC Home Loan Servicing, L.P. v Howell (2022 NY Slip Op 00299)





BAC Home Loan Servicing, L.P. v Howell


2022 NY Slip Op 00299


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX, JJ.


2017-08909
 (Index No. 29767/09)

[*1]BAC Home Loan Servicing, L.P., etc., respondent,
v
Margaret Howell, etc., appellant, et al., defendants.


Mark E. Alter, Garden City, NY (Margaret S. Alter of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Margaret Howell, as trustee of the Margaret Howell Trust, appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated May 25, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for an order of reference upon the default of that defendant, and denied that defendant's cross motion, inter alia, (1) to restore a previously withdrawn pre-answer motion to dismiss the complaint insofar as asserted against her individually, and (2) to deem her answer timely served or for leave to serve a late answer, and, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 13, 2005, nonparty Margaret Howell, individually, executed a note in the sum of $324,450 in favor of nonparty America's Wholesale Lender. The note was secured by a mortgage on certain real property in Suffolk County. The mortgage was signed by Margaret Howell in her capacity as trustee of the Margaret Howell Trust (hereinafter the trustee).
In July 2009, the plaintiff, BAC Home Loan Servicing, L.P. (hereinafter BAC), as successor in interest to America's Wholesale Lender, commenced the instant action to foreclose the mortgage against the trustee, among others. A process server stated in an affidavit that he personally served the trustee with the summons and complaint on August 6, 2009.
In August 2009, Howell, in her individual capacity, pro se, filed a pre-answer motion to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, claiming she was never served "anything from this plaintiff." In May 2010, the pro se motion was withdrawn. In January 2014, an attorney filed a notice of appearance on behalf of the trustee.
In June 2016, BAC moved, inter alia, for an order of reference upon the trustee's default. In September 2016, the trustee served BAC with a verified answer with counterclaims, which BAC rejected as untimely served. The trustee opposed BAC's motion, inter alia, for an order of reference, and cross-moved, among other things, to restore the previously withdrawn pre-answer motion to dismiss the complaint insofar as asserted against her individually, and to deem her answer timely served or for leave to serve a late answer, and, in effect, pursuant to CPLR 3211(a) to dismiss [*2]the complaint insofar as asserted against her on the grounds of lack of personal jurisdiction and lack of standing, among others. BAC opposed the cross motion.
In an order dated May 25, 2017, the Supreme Court granted that branch of BAC's motion which was for an order of reference, as well as that branch of the motion which was to substitute Ditech Financial, LLC, as the plaintiff, and denied the cross motion. The trustee appeals.
The Supreme Court properly declined to restore the pro se motion to dismiss the complaint on the ground that the court lacked personal jurisdiction, since that motion had been made by Margaret Howell, individually, and not as the trustee. Margaret Howell, individually, was not a party to the action. In any event, Howell, individually, did not rebut the presumption of proper service arising from the process server's affidavit (see Citimortgage v Jimenez, 195 AD3d 594).
"A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792). Where the defendant fails to demonstrate a reasonable excuse for the default, the court need not consider whether a potentially meritorious defense was offered (see Bank of N.Y. Mellon v Adago, 155 AD3d 594, 596). Here, contrary to the trustee's contentions, she did not provide a reasonable excuse for her six-year delay in serving an answer (see Maspeth Fed. Sav & Loan Assn. v McGown, 77 AD3d 890). Accordingly, those branches of the trustee's cross motion which were to deem her answer timely served or for leave to serve a late answer were properly denied.
The trustee's remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and HINDS-RADIX, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court