Wells Fargo Bank, N.A. v Calvin (2022 NY Slip Op 01837)





Wells Fargo Bank, N.A. v Calvin


2022 NY Slip Op 01837


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-01695
 (Index No. 505406/15)

[*1]Wells Fargo Bank, N.A., respondent,
v
Yvonne Calvin, appellant, et al., defendants.


The Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yvonne Calvin appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated September 28, 2017. The order and judgment of foreclosure and sale, upon an order of the same court, also dated September 28, 2017, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denying that defendant's cross motion to dismiss the complaint insofar as asserted against her, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In May 2015, the plaintiff commenced this action against the defendant Yvonne Calvin, among others, to foreclose a mortgage. Calvin did not answer or appear in the action, and, in an order dated November 29, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against Calvin and for an order of reference. In March 2017, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. Calvin opposed the motion, and cross-moved to dismiss the complaint insofar as asserted against her based upon the plaintiff's alleged failure to comply with the notice requirements of RPAPL 1304. In an order dated September 28, 2017, the court granted the plaintiff's motion and denied Calvin's cross motion, finding that Calvin was precluded from raising the RPAPL 1304 defense since she never moved to vacate her default. In an order and judgment of foreclosure and sale, also dated September 28, 2017, the court, among other things, confirmed the referee's report and directed the sale of the subject property. Calvin appeals, arguing that the court erred in denying her cross motion.
The Supreme Court properly denied Calvin's cross motion on the ground that she was precluded from raising the plaintiff's alleged failure to comply with the notice provisions of RPAPL 1304 as a defense to this action in the absence of having moved to vacate her default in appearing or answering the complaint (see Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132; Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011; U.S. Bank N.A. v Cid, 178 AD3d 875, 876). Accordingly, we affirm the order and judgment of foreclosure and sale.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.

2018-01695 DECISION & ORDER ON MOTION
Wells Fargo Bank, N.A., respondent,
v Yvonne Calvin, appellant, et al., defendants.
(Index No. 505406/15)

Motion by the plaintiff to dismiss an appeal from an order and judgment of foreclosure and sale of the Supreme Court, Kings County, dated September 28, 2017, on the ground that the appellant is not an aggrieved party pursuant to CPLR 5511. By decision and order on motion of this Court dated February 19, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court