U.S. Bank Trust, N.A. v Gomez (2022 NY Slip Op 03140)

U.S. Bank Trust, N.A. v Gomez

2022 NY Slip Op 03140

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-02304
 (Index No. 713441/16)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Felix A. Gomez, appellant, et al., defendants.

J. A. Sanchez-Dorta, Howard Beach, NY, for appellant.
Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando, David P. Case, and Rebecca L. Konst], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Felix A. Gomez appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered January 27, 2020. The order, insofar as appealed from, denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(1) and (3) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated September 20, 2018, entered upon his failure to appear or answer the complaint, and to compel the plaintiff to accept his late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Felix A. Gomez (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain property located in Far Rockaway. The defendant failed to answer the complaint or otherwise appear in the action. In an order dated November 28, 2017, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff. On September 20, 2018, the court issued an order and judgment of foreclosure and sale. The defendant subsequently moved, inter alia, pursuant to CPLR 5015(a)(1) and (3) to vacate the order and judgment of foreclosure and sale and to compel the plaintiff to accept his late answer. In an order entered January 27, 2020, the court, inter alia, denied the defendant's motion, and the defendant appeals.
A defendant seeking to vacate a default in answering or appearing pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see LaSalle Bank N.A. v Calle, 153 AD3d 801, 802; Deutsche Bank Natl. Trust Co. v Ramirez, 117 AD3d 674, 675). Law office failure may be accepted as a reasonable excuse in the exercise of the court's sound discretion (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774), and a defendant may establish "a reasonable excuse for his [or her] default based upon his [or her] attorney's failure to respond to the summons and complaint" (JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049). "Nevertheless, while CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671-672 [internal quotation marks omitted]; see Bank of N.Y. Mellon Trust [*2]Co., N.A. v Talukder, 176 AD3d at 774). "[A] conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Colucci, 138 AD3d 1047).
Here, the defendant's allegations of law office failure were undetailed and conclusory. Moreover, the defendant's reliance on incorrect or incomplete advice of prior counsel constituted a misguided strategy, not law office failure (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774; Hudson City Sav. Bank v Bomba, 149 AD3d 704). Under the circumstances, the defendant's claims of law office failure were insufficient to amount to a reasonable excuse (see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784). Since the defendant failed to demonstrate a reasonable excuse for his default, it is unnecessary to determine whether he established a potentially meritorious defense (see JP Morgan Chase Bank, N.A. v Russo, 121 AD3d at 1049), including the plaintiff's alleged lack of standing to commence the action.
Moreover, the defendant failed to demonstrate his entitlement to relief pursuant to CPLR 5015(a)(3) (see HSBC Bank USA, N.A. v Walker, 201 AD3d 795; LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945).
Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, to vacate the order and judgment of foreclosure and sale and to compel the plaintiff to accept his late answer.
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court