Windward Bora, LLC v Lodico (2022 NY Slip Op 04189)

Windward Bora, LLC v Lodico

2022 NY Slip Op 04189

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-04545
 (Index No. 600825/19)

[*1]Windward Bora, LLC, respondent, 
v
Steven G. Lodico, et al., defendants, Wells Fargo, etc., appellant.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant Wells Fargo appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated May 26, 2021. The order denied that branch of that defendant's motion which was, in effect, pursuant to CPLR 3012(d) to vacate its default in appearing or answering the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On January 11, 2019, the plaintiff commenced this action against the defendant Wells Fargo, among others. Wells Fargo was served with the summons and complaint on February 1, 2019, but failed to appear or answer the complaint. By notice of motion dated January 15, 2021, Wells Fargo moved, inter alia, in effect, pursuant to CPLR 3012(d) to vacate its default in appearing or answering the complaint. In an order dated May 26, 2021, the Supreme Court denied that branch of Wells Fargo's motion, determining that it had failed to demonstrate a reasonable excuse for its default. Wells Fargo appeals.
CPLR 3012(d), which governs motions for leave to serve a late pleading and excuse a delay in answering and appearing, provides that "[u]pon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default." "A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense" (U.S. Bank N.A. v Nakash, 195 AD3d 651, 653 [internal quotation marks omitted]; see OneWest Bank, FSB v Villafana, 187 AD3d 1201; Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 491). "'A motion to vacate a default is addressed to the sound discretion of the court'" (Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132, quoting Vujanic v Petrovic, 103 AD3d 791, 792). "Where the defendant fails to demonstrate a reasonable excuse for the default, the court need not consider whether a potentially meritorious defense was offered" (Wilmington Trust, N.A. v Ashe, 189 AD3d at 1132; see Vega v West Nostrand Realty, LLC, 169 AD3d 855, 856; Bank of N.Y. Mellon v Adago, 155 AD3d 594, 596).
Here, Wells Fargo failed to provide a reasonable excuse for its default (see Wilmington Trust, N.A. v Ashe, 189 AD3d at 1132; OneWest Bank v Schiffman, 175 AD3d 1543, [*2]1545; Bank of N.Y. Mellon v Adago, 155 AD3d at 596). As such, the Supreme Court providently exercised its discretion in denying that branch of Wells Fargo's motion which was, in effect, pursuant to CPLR 3012(d) to vacate its default in appearing or answering the complaint. Inasmuch as Wells Fargo failed to demonstrate a reasonable excuse for the default, we need not consider whether it offered a potentially meritorious defense to the action (see Wilmington Trust, N.A. v Ashe, 189 AD3d at 1132; Vega v West Nostrand Realty, LLC, 169 AD3d at 856; Bank of N.Y. Mellon v Adago, 155 AD3d at 596).
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court