HSBC Bank USA, N.A. v Schneps (2022 NY Slip Op 06234)

HSBC Bank USA, N.A. v Schneps

2022 NY Slip Op 06234

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-13800
2019-13802
 (Index No. 3354/16)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Barry Schneps, et al., appellants, et al., defendants.

Barry Schneps, West Hempstead, NY, appellant pro se and for appellant Chaya Schneps.
Stradley Ronon Stevens & Young, LLP, New York, NY (Lijue T. Philip of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Barry Schneps and Chaya Schneps appeal from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated September 10, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Barry Schneps, in effect, for leave to enter a default judgment against the defendant Chaya Schneps, and for an order of reference, and denied that branch of those defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. The second order, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to those defendants, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Barry Schneps and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendants Barry Schneps and Chaya Schneps which was for summary judgment dismissing the complaint insofar as asserted against the defendant Barry Schneps, and substituting therefor a provision granting that branch of the cross motion; as so modified, the first order is affirmed insofar as appealed from, without costs or disbursements, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Barry Schneps and for an order of reference, denied that branch of the cross motion of the defendants Barry Schneps and Chaya Schneps which was for summary judgment dismissing the complaint insofar as asserted against the defendant Barry Schneps, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Barry Schneps and for an order of reference, denied that branch of the cross motion of the defendants Barry Schneps and Chaya Schneps which was for summary judgment [*2]dismissing the complaint insofar as asserted against the defendant Barry Schneps, and appointed a referee to compute the amount due to the plaintiff is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the first order; and it is further,
ORDERED that the second order is affirmed insofar as reviewed, without costs or disbursements.
On February 9, 2005, the defendant Barry Schneps (hereinafter Barry) and the defendant Chaya Schneps (hereinafter Chaya) executed a note in favor of GreenPoint Mortgage Funding, Inc. (hereinafter GreenPoint), in the sum of $387,000, which was secured by a mortgage on certain property located in West Hempstead. On May 6, 2016, the plaintiff, GreenPoint's successor in interest, commenced this action to foreclose the mortgage against, among others, Barry and Chaya (hereinafter together the defendants). Barry submitted an answer generally denying the allegations of the complaint and asserting a number of affirmative defenses, including lack of standing and failure to satisfy the conditions precedent to commencing the action. Chaya failed to answer or appear in the action. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against Barry, in effect, for leave to enter a default judgment against Chaya, and for an order of reference. The defendants opposed the motion on the grounds that the plaintiff failed to establish, prima facie, its standing to commence the mortgage foreclosure action and its compliance with RPAPL 1304, and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them on the same grounds.
In an order dated September 10, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied those branches of the defendants' cross motion. By separate order, also dated September 10, 2019, the court granted the same relief to the plaintiff, denied the same relief to the defendants, and appointed a referee to compute the amount due to the plaintiff. The defendants appeal from both orders.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action" (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v LoPresti, 203 AD3d at 884). Here, the defendants established, prima facie, that the plaintiff did not comply with RPAPL 1304, since additional notices were sent in the same envelope as the 90-day notice required by RPAPL 1304, and a single notice was jointly addressed to both of the defendants (see Bank of Am., N.A. v Kessler, 202 AD3d 10, 19; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 136). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Barry, and, for the same reason, should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Barry and for an order of reference.
The defendants' contention that the Supreme Court should have denied that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment against Chaya, and granted that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against Chaya is without merit (see Wells Fargo Bank, N.A. v Calvin, 203 AD3d 994, 995; Citimortgage, Inc. v Pierce, 203 AD3d 878, 880; Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132).
In light of our determination, we need not reach the defendants' remaining contentions.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court