U.S. Bank N.A. v Pierre (2022 NY Slip Op 06514)

U.S. Bank N.A. v Pierre

2022 NY Slip Op 06514

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-14102
 (Index No. 3287/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Norma Jean Pierre, etc., et al., appellants, et al., defendants.

New York Legal Assistance Group, New York, NY (Beth Goldman and Noelle F. Eberts of counsel), for appellant Norma Jean Pierre.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Norma Jean Pierre and Normel Jean Pierre appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 9, 2019. The order denied those defendants' motion, in effect, to vacate their default in answering the complaint and to compel the plaintiff to accept their late answer.
ORDERED that the appeal by the defendant Normel Jean Pierre is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed on the appeal by the defendant Norma Jean Pierre; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal by the defendant Normel Jean Pierre must be dismissed as abandoned, as the appellant's brief has been submitted only on behalf of the defendant Norma Jean Pierre (see Ocwen Loan Servicing v Ponce, 206 AD3d 1005, 1006; JP Morgan Chase Bank, N.A. v Grennan, 175 AD3d 1512, 1513).
In 2017, the plaintiff commenced this action against, among others, Norma Jean Pierre, to foreclose a mortgage on certain real property located in Nassau County. Norma Jean Pierre failed to serve an answer to the complaint. The plaintiff moved, inter alia, for leave to enter a default judgment. Subsequently, Norma Jean Pierre and Normel Jean Pierre (hereinafter together the Pierre defendants) moved, in effect, to vacate their default in answering the complaint and to compel the plaintiff to accept their late answer. The Supreme Court denied the Pierre defendants' motion. This appeal ensued.
"A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Bank of Am., N.A. v Viener, 172 AD3d 795, 796; see 195-197 [*2]Hewes, LLC v Citimortgage, Inc., 208 AD3d 827). "[T]he determination of whether an excuse is reasonable lies within the sound discretion of the trial court" (Davis v 574 Lafa Corp., 206 AD3d 613, 615; see 126 Henry St., Inc. v Cater, 197 AD3d 598, 600). "Law office failure may be accepted as a reasonable excuse in the exercise of the court's sound discretion, and a defendant may establish a reasonable excuse for his [or her] default based upon his [or her] attorney's failure to respond to the summons and complaint" (U.S. Bank Trust, N.A. v Gomez, 205 AD3d 839, 840 [citation and internal quotation marks omitted]). However, "[a] conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse" (id. at 840 [internal quotation marks omitted]).
Here, the Pierre defendants' conclusory and unsubstantiated allegations of law office failure were insufficient to amount to a reasonable excuse (see id. at 841; Best Modular Structures, Sets & Servs., LLC v Flynn, 188 AD3d 1130, 1131). Since the Pierre defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated a potentially meritorious defense (see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786-787).
Accordingly, the Supreme Court properly denied the Pierre defendants' motion, in effect, to vacate their default in answering the complaint and to compel the plaintiff to accept their late answer.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court