Wells Fargo Bank, N.A. v Senenfelder (2024 NY Slip Op 01328)

Wells Fargo Bank, N.A. v Senenfelder

2024 NY Slip Op 01328

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2019-12005
 (Index No. 35050/07)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Thomas Senenfelder, appellant, et al., defendants.

Grausso & Foy, LLP, Patchogue, NY (Edmond R. Foy of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Brian S. McGrath and Ashley R. Newman of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Thomas Senenfelder appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated August 12, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were for leave to reargue that branch of his prior cross-motion which was for leave to intervene, which had been denied in an order of the same court dated April 2, 2019, to vacate his default in appearing and answering the complaint, and pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the mortgage lien was extinguished.

DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal from so much of the order dated August 12, 2019, as denied that branch of the motion of the defendant Thomas Senenfelder which was for leave to reargue on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated February 3, 2021, that branch of the motion which is to dismiss the appeal from the stated portion of the order was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of that branch of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal from so much of the order dated August 12, 2019, as denied that branch of the motion of the defendant Thomas Senenfelder which was for leave to reargue is granted; and it is further,
ORDERED that the order dated August 12, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In November 2007, WMC Mortgage Corporation (hereinafter WMC), the plaintiff's predecessor in interest, commenced this action against, among others, the defendants Thomas [*2]Senenfelder and Deborah Senenfelder (hereinafter together the Senenfelders) to foreclose a mortgage. The Senenfelders failed to appear or answer the complaint. A judgment of foreclosure and sale was entered in September 2010.
In November 2017, the plaintiff moved pursuant to RPAPL 1351 for permission to schedule a foreclosure sale in excess of one year from the entry of the judgment of foreclosure and sale. The defendant cross-moved, inter alia, for leave to intervene and to dismiss the complaint, contending that the mortgage lien was extinguished by the conveyance of the property to the County of Suffolk by tax deed. By order dated April 2, 2019, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion, reasoning, among other things, that the defendant had not moved to vacate his default in appearing or answering the complaint.
The defendant then moved, inter alia, for leave to reargue that branch of his cross-motion which was for leave to intervene, to vacate his default in appearing and answering the complaint, and pursuant to CPLR 3211(a)(1) to dismiss the complaint. By order dated August 12, 2019, the Supreme Court, among other things, denied those branches of the defendant's motion. The defendant appeals.
The appeal from so much of the August 12, 2019 order as denied that branch of the defendant's motion which was for leave to reargue must be dismissed, "as no appeal lies from an order denying reargument" (U.S. Bank, N.A. v Montalvo, 216 AD3d 1204, 1206 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Hussain, 207 AD3d 778, 779).
A defendant seeking to vacate a default in appearing and answering a complaint "must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (US Bank N.A. v Dedomenico, 162 AD3d 962, 964; see Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d 835, 837). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Federal Natl. Mtge. Assn. v Bandhu, 214 AD3d 705, 707; see U.S. Bank N.A. v Pierre, 210 AD3d 929, 930).
Here, the defendant failed to demonstrate the existence of a reasonable excuse for his default in appearing or answering the complaint (see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 602; U.S. Bank N.A. v Pierre, 210 AD3d 929, 930; see also Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705). Since the defendant failed to proffer a reasonable excuse, this Court need not consider whether he had a meritorious defense to the action (see BAC Home Loan Servicing, L.P. v Howell, 201 AD3d 782, 783; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to vacate his default in appearing and answering the complaint.
In light of the foregoing, we need not consider the defendant's remaining contention.
CHAMBERS, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court