U.S. Bank N.A. v Zakarin (2025 NY Slip Op 03219)

U.S. Bank N.A. v Zakarin

2025 NY Slip Op 03219

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-04417
 (Index No. 26875/10)

[*1]U.S. Bank National Association, etc., respondent,
v
Marc Zakarin, appellant, et al., defendants.

John J. Caracciolo, East Northport, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Todd Z. Marks of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marc Zakarin appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated May 4, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Marc Zakarin for summary judgment dismissing the complaint insofar as asserted against him is granted.
In July 2010, the plaintiff commenced this action to foreclose a mortgage encumbering certain residential property located in Huntington Station, against, among others, the defendants Marc Zakarin and Debra Zakarin (hereinafter together the borrowers). Marc Zakarin (hereinafter the defendant) interposed an answer. In a prior appeal, this Court held that the plaintiff failed to establish its entitlement to summary judgment on the complaint insofar as asserted against the defendant because the affidavit upon which the plaintiff relied to establish both the defendant's default and the plaintiff's compliance with RPAPL 1304 was insufficient (see U.S. Bank N.A. v Zakarin, 208 AD3d 1275, 1277-1278).
Subsequently, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him, contending that the plaintiff failed to strictly comply with RPAPL 1304. In an order dated May 4, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
"'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action'" (HSBC Bank USA, N.A. v Schneps, 210 AD3d 748, 749, quoting U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207). Moreover, "a single notice . . . jointly addressed to both [borrowers] in a single envelope" does not satisfy the requirements of RPAPL 1304 (see HSBC Bank USA, N.A. v Schneps, 210 AD3d at 750; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 136). Here, in support of his motion, the defendant submitted documents previously submitted by the plaintiff in support of its prior motion, inter alia, for summary judgment. These documents, including copies of the 90-day foreclosure notice and envelopes, established that the notices were neither addressed to the borrowers separately [*2]nor contained in separate envelopes as required. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him (see HSBC Bank USA, N.A. v Schneps, 210 AD3d 748; Deutsche Bank Natl. Trust Co. v Loayza, 204 AD3d 753; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d at 136).
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court