Walczuk v Techo-Bloc Corp. (2025 NY Slip Op 05840)

Walczuk v Techo-Bloc Corp.

2025 NY Slip Op 05840

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-08902
 (Index No. 50254/21)

[*1]Tomasz Walczuk, respondent, 
v
Techo-Bloc Corp., etc., et al., appellants.

McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Patrick W. Brophy and Timothy D. Gallagher of counsel), for appellants.
Koffsky Schwalb LLC, New York, NY (Steven A. Weg of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of warranty, the defendants appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 30, 2021. The order, insofar as appealed from, granted the plaintiff's motion for leave to enter a default judgment against the defendant O & G Industries, Inc., and to sever the causes of action against the defendant Techo-Bloc Corp., and denied that branch of the defendants' cross-motion which was to compel the plaintiff to accept the late answer of the defendant O & G Industries, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2021, the plaintiff commenced this action, inter alia, to recover damages for breach of warranty relating to paving stones that he purchased from the defendant O & G Industries, Inc. (hereinafter O & G), and were manufactured by the defendant Techo-Bloc Corp. (hereinafter Techo-Bloc). O & G had not filed an answer as of April 2021. The parties agreed that O & G would submit its answer on April 8, 2021, which O & G did not do. O & G ultimately interposed its answer on April 13, 2021. The plaintiff rejected the answer and moved for leave to enter a default judgment against O & G and to sever the causes of action against Techo-Bloc. The defendants opposed the motion and cross-moved, among other things, to compel the plaintiff to accept O & G's late answer. In an order dated September 30, 2021, the Supreme Court, inter alia, granted the plaintiff's motion and denied that branch of the defendants' cross-motion. The defendants appeal.
"To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Mannino Dev., Inc. v Linares, 117 AD3d 995, 995; see CPLR 3012[d]). The determination of what constitutes a reasonable excuse lies in the Supreme Court's sound discretion (see Mannino Dev., Inc. v Linares, 117 AD3d at 995). Where the defendant fails to demonstrate a reasonable excuse for the delay, the court need not consider whether a potentially meritorious defense was offered (see Bank of N.Y. Mellon v Adago, 155 AD3d 594, 596).
Here, O & G failed to present a reasonable excuse for its delay, and we therefore need [*2]not consider whether it demonstrated the existence of a potentially meritorious defense (see id.; Mannino Dev., Inc. v Linares, 117 AD3d at 995).
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court