Tootsie Realty, Inc. v Klein (2026 NY Slip Op 00398)

Tootsie Realty, Inc. v Klein

2026 NY Slip Op 00398

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2022-07586
 (Index No. 510612/21)

[*1]Tootsie Realty, Inc., respondent, 
vAlex Klein, et al., appellants, et al., defendants.

Law Office of Alex Klein, PLLC, Brooklyn, NY, for appellants.
Stern and Stern, Brooklyn, NY (Pamela Smith of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for ejectment, the defendants Alex Klein and Genriyetta Levitman appeal from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated August 15, 2022. The order, insofar as appealed from, denied that branch of those defendants' cross-motion which was for leave to serve a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff's predecessor in interest entered into a one-year lease with the defendant Genriyetta Levitman concerning a certain condominium unit located in Brooklyn (hereinafter the subject property). Levitman was to reside in the condominium unit with the defendant Alex Klein. The lease terminated on August 1, 2016, at which point Klein and Levitman (hereinafter the defendants) became month-to-month tenants. In April 2017, the plaintiff's predecessor in interest and the defendants entered into a "short sale" contract in which it was agreed that the defendants would purchase the subject property, subject to the predecessor in interest's ability to attain the consent of his mortgagees within 10 months, which he was unable to do. In February 2019, the defendants allegedly ceased paying rent. The plaintiff's predecessor in interest sold the subject property to the plaintiff.
In January 2021, the plaintiff served the defendants pursuant to CPLR 308(4) with a 90-day notice of termination, tenants declaration of hardship, and list of legal service providers. In May 2021, the plaintiff commenced this action against the defendants, among others. On August 2, 2021, Klein emailed the plaintiff's counsel seeking a 60-day extension of time to serve an answer to the complaint and to begin settlement negotiations. The plaintiff agreed to an extension of time to serve an answer until August 31, 2021. On September 1, 2021, Klein emailed the plaintiff's counsel requesting another extension of time to serve an answer to September 30, 2021, and proposed a settlement. The plaintiff's counsel informed Klein that the time to answer the complaint had expired and that counsel intended to move for leave to enter a default judgment, but presented Klein with two settlement counteroffers. No further settlement negotiations took place. The plaintiff offered to extend the defendants' time to answer until September 15, 2021, and later offered an extension to September 30, 2021, on the condition that this be the final extension, but the offer for an extension to September 30, 2021, with this condition was rejected. In September 2021, the plaintiff moved for leave to enter a default judgment against the defendants.
In March 2022, the defendants submitted a letter to the Supreme Court requesting a 90-day adjournment of the plaintiff's motion for leave to enter a default judgment against the defendants so that they could acquire outside counsel, which was granted. In August 2022, the defendants cross-moved, among other things, for leave to serve a late answer. In an order dated August 15, 2022, the Supreme Court, inter alia, denied that branch of the defendants' cross-motion. The defendants appeal.
"CPLR 3012(d) provides that a court may extend the time to appear or plead, or compel the acceptance of an untimely pleading, 'upon such terms as may be just and upon a showing of [a] reasonable excuse for . . . delay or default'" (Bank of N.Y. Mellon v Adago, 155 AD3d 594, 595). "'To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action'" (id. at 595-596, quoting Mannino Dev. Inc. v Linares, 117 AD3d 995, 995). "A motion to vacate a default is addressed to the sound discretion of the court" (BAC Home Loan Servicing, L.P. v Howell, 201 AD3d 782, 783 [internal quotation marks omitted]). "Where the defendant fails to demonstrate a reasonable excuse for the default, the court need not consider whether a potentially meritorious defense was offered" (id.).
The defendants failed to demonstrate a reasonable excuse for the default. Although ongoing settlement negotiations can constitute a reasonable excuse (see Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836), here, the defendants "failed to substantiate that the . . . delay in seeking leave to serve a late answer . . . was due to settlement negotiations" (Arnav Indus. Inc. Profit Sharing Plan & Trust v 3449-3461 Hamilton Ft, LLC, 237 AD3d 786, 789 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 952; Cumanet, LLC v Murad, 188 AD3d 1149, 1153). Additionally, although the defendants allege that Klein, who was representing the defendants, was suffering from health problems that led to the defendants' default, this contention is unsupported by the record and, therefore, was properly rejected (see Moore v Moore, 216 AD3d 938, 939).
Since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated a potentially meritorious defense (see BAC Home Loan Servicing, L.P. v Howell, 201 AD3d at 783).
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court