■ Cynan Sheetmetal Products, Inc., Appellant, v B.R. Fries & Associates, Inc., et al., Respondents. [919 NYS2d 873]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated January 29, 2010, as denied its motion for leave to enter judgment against the defendants upon their defaults in appearing or answering the amended complaint and granted the application of the defendants B.R. Fries & Associates, Inc., Inter-County Mechanical Corp., and International Fidelity Insurance Company to dismiss the complaint insofar as asserted against them, in effect, pursuant to CPLR 3215 (c).

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the application of the defendants B.R. Fries & Associates, Inc., Inter-County Mechanical Corp., and International Fidelity Insurance Company is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

When a plaintiff fails to seek leave to enter a default judgment within one year after the default has occurred, the action is deemed abandoned (see CPLR 3215 [c]; Solano v Castro, 72 AD3d 932, 933 [2010]; Kay Waterproofing Corp. v Ray Realty Fulton, Inc., 23 AD3d 624 [2005]; Geraghty v Elmhurst Hosp. Ctr. of N.Y. City Health & Hosps. Corp., 305 AD2d 634 [2003]). To avoid dismissal of the complaint as abandoned under such circumstances, a plaintiff must offer a reasonable excuse for the delay in moving for leave to enter a default judgment, and must demonstrate a potentially meritorious cause of action (see Ryant v Bullock, 77 AD3d 811 [2010]; 115-41 St. Albans Holding Corp. v Estate of Harrison, 71 AD3d 653 [2010]; Sicurella v 111 Chelsea, LLC, 67 AD3d 996 [2009]; London v Iceland Inc., 306 AD2d 517 [2003]).

The plaintiff failed to offer a reasonable excuse for the more than four-year delay in moving for leave to enter judgment against the defendants upon their defaults in appearing or answering the amended complaint. The plaintiff proffered the illness of its former attorney as an excuse for the delay. While a disabling illness may excuse an attorney's delay in making the motion, here, the defaults had occurred prior to the alleged onset of Alzheimer's disease upon the plaintiff's former attorney (see Borgia v Interboro Gen. Hosp., 59 NY2d 802, 803 [1983]; Mattera v Capric, 54 AD3d 827, 828 [2008]; Berman v Brunswick Hosp. Ctr., 94 AD2d 736 [1983]). Furthermore, the plaintiff failed to submit any medical proof documenting its former attorney's alleged illness (see Winslow v Pyramid Co./Aviation Mall, 248 AD2d 922, 923 [1998]; Price v Salvo, 203 AD2d 349 [1994]; Nieves v 331 E. 109th St. Corp., 112 AD2d 59, 61 [1985]).

The plaintiff's remaining contentions either need not be considered or are without merit.

Accordingly, the plaintiff's motion for leave to enter a default judgment against the defendants was properly denied, and the Supreme Court properly granted the application of the defendants B.R. Fries & Associates, Inc., Inter-County Mechanical Corp., and International Fidelity Insurance Company to dismiss the complaint insofar as asserted against them, in effect, pursuant to CPLR 3215 (c). Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.