126 Henry St., Inc. v Cater (2021 NY Slip Op 04689)





126 Henry St., Inc. v Cater


2021 NY Slip Op 04689


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-07757
 (Index No. 9000/14)

[*1]126 Henry Street, Inc., doing business as Village Auto Clinic, respondent, 
v
Betty Cater, appellant.


Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Anthony W. Cummings of counsel), for appellant.
Mortimer Lawrence, Queens Village, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, and a nonpayment proceeding, which were joined for the purpose of trial, Betty Cater appeals from a judgment of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered June 19, 2017. The judgment, upon (1) an order of the same court entered May 16, 2016, denying the cross motion of Betty Cater, inter alia, to vacate her default in appearing at certain scheduled conferences, and granting those branches of the motion of 126 Henry Street, Inc., doing business as Village Auto Clinic, which were for leave to enter a default judgment in the action and to dismiss the nonpayment proceeding to the extent of directing dismissal of the nonpayment proceeding and directing the parties in the action to proceed to a closing on the premises within 90 days of the date of the order, and (2) an order of the same court entered March 28, 2017, made after a hearing, in effect, granting those branches of the motion of 126 Henry Street, Inc., doing business as Village Auto Clinic, which were to hold Betty Cater in civil contempt for violating the order entered May 16, 2016, and to appoint a referee to the extent of finding that Betty Cater willfully disobeyed that order and directing the appointment of a referee, determined that Betty Cater was in willful disobedience of the order entered May 16, 2016, appointed a referee to take possession of and sell the subject property to 126 Henry Street, Inc., doing business as Village Auto Clinic, for the purchase price of $380,000, and, in effect, dismissed the nonpayment proceeding.
ORDERED that the appeal from so much of the judgment as determined that Betty Cater was in willful disobedience of the order entered May 16, 2016, and appointed a referee to take possession of and sell the subject property to 126 Henry Street, Inc., doing business as Village Auto Clinic, for the purchase price of $380,000 is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to 126 Henry Street, Inc., doing business as Village Auto Clinic.
126 Henry Street, Inc., doing business as Village Auto Clinic (hereinafter Village Auto), has leased certain real property in Hempstead from Betty Cater since 1999. Village Auto commenced an action against Cater in the Supreme Court, Nassau County, on or about September [*2]17, 2014, inter alia, to compel specific performance of an alleged contract for the sale of the property. On or about September 22, 2014, Cater commenced a proceeding against Village Auto in the District Court, Nassau County, for the alleged nonpayment of rent. The proceeding and the action were joined in the Supreme Court for the purpose of trial.
After Cater failed to appear at three scheduled conferences, Village Auto moved, inter alia, pursuant to 22 NYCRR 202.27 for leave to enter a default judgment on the complaint and to dismiss the proceeding. Cater cross-moved, among other things, to vacate her default in appearing, arguing, among other things, that she had a reasonable excuse for failing to appear. By order entered May 16, 2016, the Supreme Court denied Cater's cross motion and granted Village Auto's motion to the extent of directing dismissal of the proceeding, and, in the action, directing the parties to proceed, within 90 days, to a closing on the subject property in accordance with a written agreement dated January 25, 2013.
On or about November 9, 2016, Village Auto moved, inter alia, to appoint a referee and to hold Cater in civil contempt for, among other things, violating the May 16, 2016 order by diluting title to the property. In an order entered March 28, 2017, made after a hearing, the Supreme Court, in effect, granted those branches of the motion to the extent of finding that Cater willfully disobeyed the May 16, 2016 order and directing the appointment of a referee to take possession of and sell the subject property to Village Auto for the purchase price of $380,000. A judgment was entered upon the May 16, 2016 and March 28, 2017 orders, inter alia, determining that Cater was in willful disobedience of the May 16, 2016 order and directing the sale of the subject property. Cater appeals, arguing that the court erred in denying her cross motion to vacate her default in appearing, and in finding that she had willfully disobeyed the May 16, 2016 order and directing the appointment of the referee.
As relevant here, pursuant to 22 NYCRR 202.27, upon a party's failure to appear at a scheduled conference, the court may note the default on the record, and, where the plaintiff appears but the defendant does not, enter an order granting judgment by default or order an inquest (see 22 NYCRR 202.27[a]), or, where the defendant appears but the plaintiff does not, dismiss the action (see 22 NYCRR 202.27[b]). In order to vacate a default in appearing at a conference, the defaulting party must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense to the action (see Sposito v Cutting, 165 AD3d 863, 864; Polsky v Simon, 145 AD3d 693; Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680). The determination of whether an excuse is reasonable lies within the sound discretion of the trial court (see Westchester Med. Ctr. v Izzo, 175 AD3d 538, 538; GMAC Mortg. LLC v Guccione, 127 AD3d 1136, 1138).
Here, the Supreme Court did not improvidently exercise its discretion in determining that Cater did not offer a reasonable excuse for her default. Neither the fact that she was proceeding pro se nor her claim that she was unfamiliar with the discovery process constituted a reasonable excuse for failing to appear at the scheduled conferences (see Stein v Davidow, Davidow, Siegel & Stern, LLP, 157 AD3d 741, 742; U.S. Bank Natl. Assn. v Slavinski, 78 AD3d 1167; Dorrer v Berry, 37 AD3d 519, 520). In light of the lack of a reasonable excuse, it is unnecessary to determine whether Cater demonstrated the existence of a potentially meritorious cause of action in the proceeding or defense to the action (see EMC Mtge. Corp. v Walker, 175 AD3d 1247, 1248; Wright v City of Poughkeepsie, 136 AD3d 809; Selechnik v Law Off. of Howard R. Birnbach, 120 AD3d 1220).
Cater contends that the Supreme Court erred in finding that she had willfully disobeyed the May 16, 2016 order, and thereupon, directing the appointment of a referee to take possession of and sell the subject property. However, Cater did not include in the record on appeal the transcripts of the hearing at which the Supreme Court took evidence on this issue. "It is the obligation of the appellant to assemble a proper record on appeal" (Gaffney v Gaffney, 29 AD3d 857, 857; see Babayev v Kreitzman, 168 AD3d 655; Garnerville Holding Co., Inc. v IMC Mgt., Inc., 299 AD2d 450), "including the transcript, if any, of the proceedings" (Whyte v Destra, 298 AD2d 384, 385; see Garnerville Holding Co., Inc. v IMC Mgt., Inc., 299 AD2d at 450). Since the record is inadequate to enable this Court to render an informed decision on the merits regarding so much of [*3]the appeal as relates to the issue of willful disobedience and the appointment a referee, the appeal insofar as it relates to that issue must be dismissed (see US Bank Trust, N.A. v Williams, 168 AD3d 1122, 1123; JR Factors, Inc. v Astoria Equities, Inc., 159 AD3d 801, 802; Elgart v Berezovsky, 123 AD3d 970, 971).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court