Davis v 574 Lafa Corp. (2022 NY Slip Op 03494)





Davis v 574 Lafa Corp.


2022 NY Slip Op 03494


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2020-07530 
2021-02389
 (Index No. 711374/18)

[*1]Paul Davis, respondent, 
v
574 Lafa Corp., defendant, Shantel Brown, appellant.


Law Offices of K.C. Okoli, P.C., New York, NY, for appellant.
Finz & Finz, P.C., Mineola, NY (Benjamin P. Jacobs, Stuart L. Finz, and Todd Rubin of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Shantel Brown appeals from (1) an order of the Supreme Court, Queens County (Richard G. Latin, J.), dated September 14, 2020, and (2) an order of the same court (David Elliot, J.) dated March 16, 2021. The order dated September 14, 2020, granted the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court (George J. Silver, J.) dated March 12, 2020, directing dismissal of the action upon the plaintiff's failure to appear in court on the date of a scheduled inquest on damages, and to restore the action to the court's active calendar. The order dated March 16, 2021, insofar as appealed from, denied that branch of the cross motion of the defendant Shantel Brown which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her for failure to state a cause of action.
ORDERED that the order dated September 14, 2020, is affirmed; and it is further,
ORDERED that the order dated March 16, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff seeks to recover damages for personal injuries he allegedly sustained after he was attacked by dogs while on premises allegedly owned by the defendants. The owner of the dogs allegedly resided in the premises, a three-family dwelling, as did the plaintiff.
On July 24, 2018, the plaintiff commenced an action in the Supreme Court, Queens County, against 574 Lafa Corp. (hereinafter Lafa) to recover damages upon a theory sounding in strict liability. Thereafter, the plaintiff moved for leave to enter a default judgment on the issue of liability against the nonappearing, nonanswering Lafa, and, in an order dated August 22, 2019, the Supreme Court (Richard G. Latin, J.) granted the plaintiff's unopposed motion and set the matter down for an inquest on damages as to Lafa. Subsequently, on September 23, 2019, the plaintiff commenced an action in the Supreme Court, Kings County, against Shantel Brown, consisting of [*2]substantially the same allegations as were made against Lafa. In an order dated February 24, 2020, the Supreme Court (Richard G. Latin, J.) granted the plaintiff's motion to consolidate the actions against Lafa and Brown in Queens County, and directed that the inquest against Lafa be held in abeyance until after the trial of the action.
The inquest against Lafa had been scheduled for March 12, 2020. By order dated March 12, 2020, the Supreme Court (George J. Silver, J.), pursuant to 22 NYCRR 202.27, directed dismissal of the action based on the plaintiff's failure to appear in court on that date (hereinafter the dismissal order). The plaintiff promptly moved pursuant to CPLR 5015(a) to vacate the dismissal order and to restore the action to the court's active calendar. Brown opposed the motion. In an order dated September 14, 2020, the court (Richard J. Latin, J.) granted the plaintiff's motion, determining that the plaintiff demonstrated a reasonable excuse for failing to appear in court and a potentially meritorious cause of action.
Thereafter, the plaintiff moved for leave to enter a default judgment against Brown, who failed to answer the complaint. Brown opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her for failure to state a cause of action. The plaintiff opposed the cross motion. In an order dated March 16, 2021, the Supreme Court (David Elliot, J.) denied the motion and the cross motion, and directed Brown to answer the complaint within 30 days of service of a copy of the order with notice of entry.
Brown appeals from the orders dated September 14, 2020, and March 16, 2021, arguing that the plaintiff failed to demonstrate a reasonable excuse for his failure to appear at the inquest, and that the Supreme Court erred in denying that branch of her cross motion which was pursuant to CPLR 3211(a)(7).
As is relevant here, pursuant to 22 NYCRR 202.27, upon a party's failure to appear at any scheduled call of a calendar or at any conference, the court may note the default on the record, and, where the defendant appears but the plaintiff does not, dismiss the action (see id. § 202.27[b]), or, if no party appears, the court may make such order as appears just (see id. § 202.27[c]).
In order to vacate a default in appearing, the defaulting party must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense to the action, and the determination of whether an excuse is reasonable lies within the sound discretion of the trial court (see 126 Henry St., Inc. v Cater, 197 AD3d 598, 600). A court may, in the exercise of its discretion, accept law office failure as a reasonable excuse (see CPLR 2005; Golden v Romanowski, 128 AD3d 1009; Gironda v Katzen, 19 AD3d 644, 645). However, "the party seeking to vacate the default must provide detailed allegations of fact that explain the failure" (Matter of Esposito, 57 AD3d 894, 895), and "a pattern of willful default and neglect should not be excused" (Campenni v Ridgecroft Estates Owners, 261 AD2d 496, 497 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiff's failure to appear in court on March 12, 2020, was reasonable given that the court had issued an order dated February 24, 2020, wherein it stated that the inquest against Lafa, which was scheduled for March 12, 2020, was held in abeyance until after the time of trial as against Brown. Also, it was undisputed that the plaintiff had appeared for every prior scheduled appearance in the action, discovery had yet to take place, and the motion to vacate was promptly filed within two days of entry of the dismissal order (cf. Mazzio v Jennings, 128 AD3d 1032, 1032). Further, there is no indication that the plaintiff's failure to appear was deliberate, or that it caused Brown to suffer prejudice (see M.S. Hi-Tech, Inc. v Thompson, 23 AD3d 442, 443). Accordingly, the court providently exercised its discretion in granting the plaintiff's motion to vacate the dismissal order and to restore the action to the court's active calendar (see CPLR 5015[a][1]; 22 NYCRR 202.27; Golden v Romanowski, 128 AD3d at 1010).
When assessing a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept as true all facts as alleged in the pleading, accord the pleader the benefit of every possible inference, [*3]and determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88; Rovello v Orofino Realty Co., 40 NY2d 633, 634).
"A motion to dismiss merely addresses the adequacy of the pleading, and does not reach the substantive merits of a party's cause of action. 'Therefore, whether the pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss'" (Kaplan v New York City Dept. of Health & Mental Hygiene, 142 AD3d 1050, 1051, quoting Lieberman v Green, 139 AD3d 815, 816). "Rather, a court must 'determine only whether the facts as alleged fit within any cognizable legal theory'" (Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006, quoting Leon v Martinez, 84 NY2d at 87-88).
Here, the allegations contained in the complaint were sufficient to state a cause of action to recover damages upon a theory of strict liability for a dog attack (see generally Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d at 1006-1007; Velez v Andrejka, 126 AD3d 685, 686). Brown's contention that she was an out-of-possession owner, and that she had no notice of dogs on her property, let alone ones with vicious propensities, constitutes an affirmative defense (see Foster v Jordan, 269 AD2d 152, 153), "which should be raised in the defendant['s] answer, and does not lend itself to a pre-answer motion to dismiss" (see Kaplan v New York City Dept. of Health & Mental Hygiene, 142 AD3d at 1051). Accordingly, the Supreme Court properly denied that branch of Brown's cross motion which was to dismiss the complaint insofar as asserted against her for failure to state a cause of action (see CPLR 3211[a][7]).
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court