HSBC Bank USA, N.A. v Scivoletti (2023 NY Slip Op 00078)

HSBC Bank USA, N.A. v Scivoletti

2023 NY Slip Op 00078

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2017-05362
2018-08331
2018-08332
 (Index No. 4107/16)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Patti Scivoletti, appellant, et al., defendants. Genevieve Lane Lopresti, Seaford, NY, for appellant.

Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Patti Scivoletti appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 28, 2016, and two orders of the same court, both entered April 18, 2018. The order entered October 28, 2016, denied that defendant's motion to stay the action. The first order entered April 18, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for an order of reference and to amend the caption to remove the defendant Robert Scivoletti as a defendant, and denied those branches of the cross motion of the defendant Patti Scivoletti which were, in effect, pursuant to CPLR 5015(a)(1) and (3) to vacate her default in answering the complaint and for leave to serve a late answer, and, thereupon, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the grounds that the action was time-barred and that the plaintiff lacked standing. The second order entered April 18, 2018, insofar as appealed from, granted and denied the same relief as the first order entered April 18, 2018, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order entered October 28, 2016, is affirmed; and it is further,
ORDERED that the orders entered April 18, 2018, are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On June 22, 2006, the defendant Patti Scivoletti (hereinafter the defendant) executed a note in the amount of $461,250 in favor of nonparty ABR AMRO Mortgage Group, Inc., which was secured by a mortgage on certain real property located in Nassau County. The mortgage was signed by both the defendant and her husband, the defendant Robert Scivoletti. In June 2016, the plaintiff, as the alleged holder of the note and mortgage, commenced this action to foreclose the mortgage against, among others, the defendant and Robert Scivoletti. Although the plaintiff and the defendant stipulated to extend the defendant's time to answer, the defendant failed to answer the complaint. The defendant subsequently moved to stay the action based, inter alia, on the death of [*2]Robert Scivoletti. In support of the motion, the defendant submitted Robert Scivoletti's certificate of death, which indicated that he died on April 27, 2011, approximately five years prior to the commencement of this action. In an order entered October 28, 2016, the Supreme Court denied the defendant's motion to stay the action.
In November 2017, the plaintiff moved, inter alia, for an order of reference and to amend the caption to remove Robert Scivoletti as a defendant. The defendant opposed the plaintiff's motion and cross-moved, among other things, in effect, pursuant to CPLR 5015(a)(1) and (3) to vacate her default in answering the complaint and for leave to serve a late answer, and, thereupon, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the grounds that the action was time-barred and that the plaintiff lacked standing. In an order entered April 18, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for an order of reference and to amend the caption to remove Robert Scivoletti as a defendant, and denied those branches of the defendant's cross motion which were, in effect, pursuant to CPLR 5015(a)(1) and (3) to vacate her default in answering the complaint and for leave to serve a late answer, and, thereupon, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the grounds that the action was time-barred and that the plaintiff lacked standing. In a second order also entered April 18, 2018, the court, among other things, granted and denied the same relief as the first order entered April 18, 2018, and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied her motion to stay this action based on the death of Robert Scivoletti. "An action commenced against a deceased defendant is a nullity only insofar as asserted against that defendant, not insofar as asserted against other defendants" (Wells Fargo Bank, N.A. v Dhanani, 201 AD3d 1005, 1007). Further, the plaintiff established that the defendant and Robert Scivoletti held the subject property as a married couple and that they remained married at the time of his death. Therefore, Robert Scivoletti's death "result[ed] in the defeasance of the deceased spouse's coextensive interest in the property, and the surviving spouse automatically inherited his ownership interest in the property" (U.S. Bank N.A. v Auteri, 191 AD3d 729, 730 [internal quotation marks omitted]). Moreover, Robert Scivoletti was not an obligor on the note, and the record reveals that the debt was, in any event, discharged in bankruptcy proceeding as against each mortgagor. Accordingly, Robert Scivoletti's estate could not be liable for a deficiency judgment (see Wells Fargo Bank, N.A. v Dhanani, 201 AD3d at 1007).
"To successfully oppose a facially adequate motion for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action" (US Bank N.A. v Ashraf, 171 AD3d 983, 983; see US Bank N.A. v Eisler, 188 AD3d 1288, 1289). Similarly, "[a] party seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the failure to appear and answer the complaint and a potentially meritorious defense to the action" (Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987 [internal quotation marks omitted]). Further, where, as here, "a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121).
Here, in opposition to the plaintiff's motion, and in support of her cross motion, the defendant failed to establish a reasonable excuse for her default. The defendant proffered the illness of her attorney as an excuse for failing to serve an answer. However, the defendant failed to submit any medical proof documenting her attorney's alleged illness (see Cynan Sheetmetal Prods., Inc. v B.R. Fries & Assoc., Inc., 83 AD3d 645, 646). In any event, while a disabling illness of an attorney may constitute a reasonable excuse for a default, here, the default occurred almost one year prior to the alleged onset of the illness upon the defendant's attorney (see Borgia v Interboro Gen. Hosp., 59 NY2d 802, 803; Cynan Sheetmetal Prods., Inc. v B.R. Fries & Assoc., Inc., 83 AD3d at 646; Chery v Anthony, 156 AD2d 414). Since the defendant failed to demonstrate a reasonable excuse for her default, this Court need not consider whether the defendant demonstrated the existence of any potentially meritorious defenses to the action (see Chase Bank USA, N.A. v Laroche, 208 AD3d 845, [*3]847; Wells Fargo Bank, N.A. v Singh, 204 AD3d 732, 734).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for an order of reference, and denied those branches of the defendant's cross motion which were, in effect, pursuant to CPLR 5015(a)(1) and (3) to vacate her default in answering the complaint and for leave to serve a late answer, and, thereupon, in effect, for summary judgment dismissing the complaint insofar as asserted against her on the grounds that the action was time-barred and that the plaintiff lacked standing.
The defendant's remaining contentions either are without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court