Crudele v Price (2023 NY Slip Op 03764)

Crudele v Price

2023 NY Slip Op 03764

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-01087
 (Index No. 600446/16)

[*1]Gerard J. Crudele, appellant, 
v
Jennifer C. Price, et al., respondents.

Krentsel Guzman & Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Bartlett LLP, Melville, NY (Robert G. Vizza of counsel), for respondents Jennifer C. Price and Smithtown Fire Department.
McCabe & Mack, LLP, Poughkeepsie, NY (James E. Kimmel of counsel), for respondents Michael Caruso and Lorraine Caruso.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 17, 2020. The order denied the plaintiff's motion pursuant to CPLR 3404 to restore the action to the trial calendar.
ORDERED that the order is affirmed, with one bill of costs.
In October 2015, the plaintiff allegedly was injured when an ambulance in which he was being transported collided with another vehicle. In January 2016, the plaintiff commenced this action to recover damages for personal injuries. He filed a note of issue in December 2018. The Supreme Court advised the parties via email that the matter was scheduled for a conference on April 30, 2019. On April 30, 2019, the plaintiff's counsel failed to appear at the conference. In a determination made on the record, the court noted the plaintiff's default in appearing, and his delay in producing an effective authorization for certain relevant medical records. On the record, the court expressly directed dismissal of the action pursuant to 22 NYCRR 202.27 based upon the plaintiff's counsel's failure to appear at the conference, and advised defense counsel to "order the minutes, have them so ordered, whatever you would like, that is the order of the Court."
In May 2019, the plaintiff moved pursuant to CPLR 3404 to restore the action to the trial calendar. In an order dated January 17, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
As the Supreme Court properly determined, CPLR 3404 is not applicable since the court did not mark the case off the trial calendar, but rather expressly directed dismissal of the action pursuant to 22 NYCRR 202.27. "In order to vacate a default in appearing at a conference, the defaulting party must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense to the action" (126 Henry St., Inc. v Cater, 197 AD3d 598, 600; see Davis v 574 Lafa Corp., 206 AD3d 613, 614-615; Sposito v Cutting, 165 AD3d 863, 863; Perez v New York City Hous. Auth., 47 AD3d 505). The determination of whether an excuse is reasonable lies within the sound discretion of the trial court (see 126 Henry St., Inc. v Cater, 197 AD3d at 600). "A court may, in the exercise of its discretion, accept law office failure as a reasonable excuse" (Davis v 574 Lafa Corp., 206 AD3d at 615; see CPLR 2005; Golden v [*2]Romanowski, 128 AD3d 1009). "However, 'the party seeking to vacate the default must provide detailed allegations of fact that explain the failure'" (Davis v 574 Lafa Corp., 206 AD3d at 615, quoting Matter of Esposito, 57 AD3d 894, 895).
Here, the Supreme Court providently exercised its discretion in declining to accept the plaintiff's proffered excuse of law office failure, i.e., that counsel failed to appear due to a "miscalendered" conference date caused by a "miscommunication in plaintiff counsel's office." Such excuse was not supported by a detailed and credible explanation, especially since the court emailed all counsel regarding the conference, and defense counsel called the plaintiff's counsel's office on the morning of the conference and confirmed that the conference had been calendered by the plaintiff's counsel's office (see Deep v City of New York, 183 AD3d 586, 587; Vujanic v Petrovic, 103 AD3d 791, 792).
In a footnote in his brief, the plaintiff contends for the first time on appeal that the Supreme Court never issued a formal order directing dismissal of the action since the transcript of the April 30, 2019 appearance was never "so ordered." Had that issue been raised at the proper juncture the court could have "so-ordered" the transcript (see Misicki v Caradonna, 12 NY3d 511, 519; Telaro v Telaro, 25 NY2d 433, 439). Moreover, given the extensive record regarding the court's directive to dismiss the action pursuant to 22 NYCRR 202.27, "[t]hat an order of dismissal was never signed by the court and entered does not . . . relieve [the] plaintiff of the burden of showing a reasonable excuse for [his] failure to appear at the conference and a meritorious cause of action, as required in a motion to vacate the dismissal of an action pursuant to 22 NYCRR 202.27" (Perez v New York City Hous. Auth., 47 AD3d at 505). In this regard, this case is distinguishable from cases that are administratively dismissed without an express directive by the court on the record (cf. Wells Fargo, N.A. v Parker, 210 AD3d 1128; Bayview Loan Servicing, LLC v Mosbacher, 191 AD3d 936; Wells Fargo Bank, N.A. v Drago, 170 AD3d 1083, 1084).
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court