Gutierrez v Plonski (2023 NY Slip Op 04366)

Gutierrez v Plonski

2023 NY Slip Op 04366

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-04525
 (Index No. 4463/13)

[*1]Julio Gutierrez, appellant, 
v
Michael . Plonski, et al., respondents, et al., defendant (and a third-party action).

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Victor J. Natale, Melville, NY (Scott W. Driver of counsel), for respondent Michael V. Plonski.
Simon Lesser, P.C., New York, NY (Leonard F. Lesser of counsel), for respondents Ridge Tool Company and Emerson Electric Co.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 11, 2020. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1), in effect, to vacate his default in appearing at a compliance conference on October 18, 2018, and to restore the action to the court's calendar.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for personal injuries, alleging negligence, breach of warranty, and strict products liability. The plaintiff failed to appear at scheduled compliance conferences on August 8, 2018, and October 16, 2018. On October 18, 2018, the plaintiff failed to appear for another compliance conference, and the Supreme Court directed dismissal of the action pursuant to 22 NYCRR 202.27. In December 2019, the plaintiff moved pursuant to CPLR 5015(a)(1), in effect, to vacate the default and to restore the action to the court's calendar. In support of the motion, the plaintiff argued that he had both a reasonable excuse for his defaults in appearing at the scheduled compliance conferences and that he had a potentially meritorious cause of action. In opposition, the defendant Michael V. Plonski and the defendants Ridge Tool Company and Emerson Electric Co. argued that the plaintiff failed to demonstrate either a reasonable excuse for his default or a potentially meritorious cause of action. By order dated May 11, 2020, the court denied the plaintiff's motion, finding that he failed to offer a reasonable excuse for the default. The plaintiff appeals, contending that the court erred in concluding that he did not offer a reasonable excuse for the default, and that he proferred a potentially meritorious cause of action.
"In order to vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action" (Lee v Latendorf, 162 AD3d 1002, 1003; see 126 Henry St., Inc. v Cater, 197 AD3d 598, 600). "Whether an excuse is reasonable is a determination within the sound discretion of the [*2]Supreme Court" (Polsky v Simon, 145 AD3d 693, 693 [internal quotation marks omitted]; see 126 Henry St., Inc. v Cater, 197 AD3d at 600). In its exercise of discretion, the court may consider factors such as "the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Crevecoeur v Mattam, 172 AD3d 813, 814 [internal quotation marks omitted]; see Gomez v Gomez-Trimarchi, 137 AD3d 972, 973). A court may accept law office failure as a reasonable excuse, but "the party seeking to vacate the default must provide detailed allegations of fact that explain the failure and a pattern of willful default and neglect should not be excused" (Davis v 574 Lafa Corp., 206 AD3d 613, 615 [citation and internal quotation marks omitted]; see Nakollofski v Kingsway Props., LLC, 157 AD3d 960, 961).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiff did not offer a reasonable excuse for his default. Under the circumstances of this case, the failure of plaintiff's counsel to appear at three scheduled conferences evidences a pattern of willful default and neglect (see Wright v City of Poughkeepsie, 136 AD3d 809, 809). In light of the lack of a reasonable excuse, it is unnecessary to determine whether the plaintiff demonstrated the existence of a potentially meritorious cause of action (see 126 Henry St., Inc. v Cater, 197 AD3d at 601; Campbell v TPK Heating, Ltd., 181 AD3d 642, 643).
In light of our determination, we need not address the parties' remaining contentions.
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 5015(a)(1), in effect, to vacate his default in appearing at the compliance conference and to restore the action to the court's calendar.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court