Nationstar Mtge., LLC v Hassanzadeh (2024 NY Slip Op 03488)

Nationstar Mtge., LLC v Hassanzadeh

2024 NY Slip Op 03488

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-01333
 (Index No. 62069/14)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Matineh Hassanzadeh, appellant, et al., defendants.

Jack Gross, Bronx, NY, for appellant.
McCalla Raymer Leibert & Pierce, LLC, New York, NY (Phionah N. Brown of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Matineh Hassanzadeh appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), entered February 11, 2020. The order and judgment of foreclosure and sale, upon an order of the same court dated March 13, 2019, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference, and denying those branches of that defendant's cross-motion, made jointly with the defendant Jennifer Canecky, which were pursuant to CPLR 5015(a)(1) to vacate her default in answering the complaint and to compel the plaintiff to accept her late answer, and upon an order of reference of the same court also dated March 13, 2019, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, in effect, denied the cross-motion of the defendant Matineh Hassanzadeh to vacate the order of reference and reject the referee's report, confirmed the referee's report, and directed the sale of the premises at issue.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In March 2014, the plaintiff commenced this action against, among others, the defendant Matineh Hassanzadeh (hereinafter the defendant) to foreclose a mortgage securing certain real property located in Suffolk County (hereinafter the premises). The defendant served a late answer in June 2014, which the plaintiff rejected as untimely.
In July 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved, jointly with the defendant Jennifer Canecky, among other things, to vacate her default in answering the complaint and to compel the plaintiff to accept her late answer. In support of the cross-motion, the defendant submitted an affidavit averring that she was prevented from answering the complaint by a bout of "myasthenia gravis, a condition which cause[s] extreme fatigue and muscle weakness, which often results in the inability to speak, swallow or even breath[e]." The defendant submitted no medical documentation to support her claim.
In an order dated March 13, 2019, the Supreme Court, inter alia, granted those [*2]branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and denied those branches of the cross-motion which were to vacate the defendant's default in answering the complaint and to compel the plaintiff to accept her late answer. The court also issued an order of reference.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In support, the plaintiff submitted the report of the referee, determining that the defendant owed a total of $535,293.56. The report was based on the affidavit of a representative of the plaintiff, who averred that she was familiar with the plaintiff's records and record-keeping practices regarding the mortgage. She stated that she reviewed the computerized records detailing the defendant's payment history for the mortgage, which showed that the defendant owed a total of $535,293.56. She attached a copy of those computerized records to her affidavit. The defendant cross-moved to vacate the order of reference and reject the referee's report.
In an order and judgment of foreclosure and sale entered February 11, 2020, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, in effect, denied the defendant's cross-motion, confirmed the referee's report, and directed the sale of the premises. The defendant appeals.
The Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and properly denied those branches of the defendant's cross-motion which were pursuant to CPLR 5015(a)(1) to vacate her default in answering the complaint and to compel the plaintiff to accept her late answer. A party seeking to vacate his or her default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). Although the defendant proffered her own illness as an excuse for failing to timely serve an answer, she failed to submit any medical evidence documenting the alleged illness (see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 602). Moreover, the defendant was aware that the plaintiff had rejected her answer as untimely but failed to provide any excuse for her delay of more than two years before moving to vacate her default (see Chowdury v Weldon, 185 AD3d 649, 650; Zovko v Quittner Realty, LLC, 162 AD3d 1102, 1104). Since the defendant failed to demonstrate a reasonable excuse for her default, this Court need not consider whether she demonstrated the existence of any potentially meritorious defenses to the action (see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d at 603).
The Supreme Court also properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and, in effect, denied the defendant's cross-motion to vacate the order of reference and reject the referee's report. The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030; Matter of Cincotta, 139 AD3d 1058). The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute (see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237; Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677).
Here, contrary to the defendant's contention, the referee's computations were substantially supported by the record, and thus the Supreme Court properly confirmed the referee's report (see HSBC Bank USA, N.A. v Nelson, 194 AD3d 700, 701).
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court