2 Lisa Ct. Corp. v Licalzi (2024 NY Slip Op 03467)

2 Lisa Ct. Corp. v Licalzi

2024 NY Slip Op 03467

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-02865
 (Index No. 27081/12)

[*1]2 Lisa Court Corp., etc., respondent, 
v
Edward Licalzi, appellant, et al., defendant.

Young Law Group, PLLC, Bohemia, NY (Justin F. Pane of counsel), for appellant.

DECISION & ORDER
In an action to recover on a promissory note, the defendant Edward Licalzi appeals from a corrected judgment of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered April 22, 2022. The corrected judgment, insofar as appealed from, upon an order of the same court dated December 17, 2021, denying that branch of that defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court dated September 2, 2020, inter alia, striking that defendant's answer upon his default in appearing at a status conference and directing an inquest on the issue of damages, is in favor of the plaintiff and against that defendant in the total sum of $448,129.67.
ORDERED that the corrected judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated September 2, 2020, is granted, and the order dated December 17, 2021, is modified accordingly.
In October 2005, the defendant Edward Licalzi (hereinafter the defendant), along with the defendant Antonio Russo, executed a promissory note in the principal sum of $200,000 in favor of JTD Enterprises of Long Island, Inc., which was secured by a mortgage on certain real property located in Bay Shore. The note and mortgage were subsequently assigned to the plaintiff.
The defendant allegedly defaulted on his obligations under the note and mortgage. In October 2012, the plaintiff commenced this action against the defendant and Russo to recover on the note. The defendant interposed an answer. In an order dated October 12, 2012, the Supreme Court denied the plaintiff's motion for summary judgment in lieu of complaint. The action then remained dormant for multiple years until the plaintiff was ordered to appear for a status conference in October 2019. The status conference was adjourned several times before being scheduled for September 2, 2020.
In a letter dated August 17, 2020, the plaintiff's counsel advised the defendant of the status conference scheduled for September 2, 2020, and explained that if the defendant failed to appear, the plaintiff would ask the Supreme Court to enter a default judgment against him pursuant to Uniform Rules for Trial Courts (22 NYCRR) 202.27. The defendant failed to appear at the status conference in person or by counsel, and in an order dated September 2, 2020, the court, inter alia, struck the defendant's answer and directed an inquest on the issue of damages.
The defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the September 2, 2020 order. In an order dated December 17, 2021, the Supreme Court, among other [*2]things, denied that branch of the defendant's motion. Following an inquest on the issue of damages, a corrected judgment was entered in favor of the plaintiff and against the defendant in the total sum of $448,129.67. The defendant appeals.
A party "'seeking to vacate a default in appearing at a conference is required to demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action'" (HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 646, quoting Wells Fargo Bank, N.A. v McClintock, 174 AD3d 950, 952). "[T]he determination of whether an excuse is reasonable lies within the sound discretion of the trial court" (Davis v 574 Lafa Corp., 206 AD3d 613, 615). "However, in making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Quercia v Silver Lake Nursing Home, Inc., 176 AD3d 1244, 1246).
Under the circumstances of this case, the defendant demonstrated a reasonable excuse for his default based upon his mandatory quarantine pursuant to Executive Order (A. Cuomo) No. 205 (9 NYCRR 8.205) following his trip to Florida the week prior to the status conference (see generally id.). While the defendant should have contacted the Supreme Court and requested an adjournment prior to his failure to appear, there is no indication in the record that the defendant was ever informed directly by the court to appear at this status conference or was even aware prior to the letter sent by plaintiff's counsel dated August 17, 2020, that the matter was still pending after many years of dormancy. The defendant also did not delay in moving for vacatur, and there is no evidence in the record to support a finding of prejudice to the plaintiff. Furthermore, the defendant's motion papers also established a potentially meritorious defense to the action (see Aurora Loan Servs., LLC v Lopa, 88 AD3d 929, 930).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated September 2, 2020.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court