Clark v Romeo (2025 NY Slip Op 03703)

Clark v Romeo

2025 NY Slip Op 03703

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2024-03986
 (Index No. 618499/20)

[*1]Scott Clark, appellant, 
v
Richard Romeo, et al., respondents, et al., defendants.

Scott William Clark, named herein as Scott Clark, Garden City, NY, appellant pro se.
Guercio & Guercio, LLP, Farmingdale, NY (Anthony J. Fasano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for battery, intentional infliction of emotional distress, and negligent hiring, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Leonard D. Steinman, J.), dated April 9, 2024. The order denied the plaintiff's motion, inter alia, in effect, to vacate a prior order of the same court dated August 23, 2022, directing dismissal of the action pursuant to 22 NYCRR 202.27, upon the plaintiff's failure to appear at a scheduled court conference.
ORDERED that the order dated April 9, 2024, is affirmed, with costs.
In November 2020, the plaintiff commenced this action against the defendants pursuant to CPLR 214-g asserting, inter alia, causes of action alleging battery, intentional infliction of emotional distress, and negligent hiring. The plaintiff failed to appear at a scheduled court conference in April 2022 at which the defendants appeared. Thereafter, in an order dated August 23, 2022, the Supreme Court directed dismissal of the action pursuant to 22 NYCRR 202.27 as a result of the plaintiff's failure to appear (hereinafter the dismissal order).
Approximately one year later, in August 2023, the plaintiff moved, inter alia, in effect, to vacate the dismissal order. The defendants opposed the motion. In an order dated April 9, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion, inter alia, in effect, to vacate the dismissal order. "[P]ursuant to 22 NYCRR 202.27, upon a party's failure to appear at a scheduled conference, the court may note the default on the record, and, . . . where the defendant appears but the plaintiff does not, dismiss the action" (126 Henry St., Inc., v Cater, 197 AD3d 598, 600; see Crudele v Price, 218 AD3d 534, 535). "In order to vacate a default in appearing at a conference, the defaulting party must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action" (126 Henry St., Inc., v Cater, 197 AD3d at 600; see Beach 28 RE, LLC v Somra, 216 AD3d 610, 611). "The determination of whether an excuse is reasonable lies within the sound discretion of the trial court" (All Is. Estates Realty Corp. v Roma Imported Car [*2]Ctr., Inc., 229 AD3d 744, 745 [internal quotation marks omitted]; see Gutierrez v Plonski, 219 AD3d 807, 808).
Here, although the plaintiff proffered his own mental illness as the reason he failed to appear at the conference, he failed to submit any medical evidence documenting the alleged illness (see Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 950; HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 602-603). Since the plaintiff failed to demonstrate a reasonable excuse for his default, this Court need not consider whether he demonstrated the existence of any potentially meritorious causes of action (see Lancer Ins. Co. v Fishkin, 211 AD3d 719, 721; Hudson City Sav. Bank v Augustin, 191 AD3d 774, 776).
The plaintiff's remaining contentions are improperly raised for the first time on appeal (see Wells Fargo Bank, N.A. v Palagios, 235 AD3d 1027, 1030).
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court