Deutsche Bank Natl. Trust Co. v Singh (2025 NY Slip Op 05218)

Deutsche Bank Natl. Trust Co. v Singh

2025 NY Slip Op 05218

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-09288
 (Index No. 703434/15)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Keshwar Singh, respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta and Kyra Mercadier of counsel), for appellant.
Edward Alper, New York, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 29, 2023. The order denied the plaintiff's motion pursuant to CPLR 5015 to vacate an order of the same court (Marguerite A. Grays, J.) entered May 8, 2017, confirming a report of a Court Attorney Referee and, sua sponte, directing dismissal of the complaint without prejudice, to restore the action to the calendar, and to reinstate the notice of pendency.
ORDERED that the order entered June 29, 2023, is affirmed, with costs.
The plaintiff commenced this residential mortgage foreclosure action in 2015 against, among others, the defendant Keshwar Singh (hereinafter the defendant). In an order entered May 8, 2017 (hereinafter the dismissal order), the Supreme Court confirmed a Court Attorney Referee's report recommending that the matter be dismissed based upon the plaintiff's failure to produce a bank representative at a residential foreclosure settlement conference conducted on March 30, 2017 (hereinafter the 2017 conference), and, sua sponte, directed dismissal of the complaint without prejudice.
In September 2018, the plaintiff moved, inter alia, to vacate the dismissal order (hereinafter the 2018 motion). The Supreme Court, in effect, denied the 2018 motion after the parties failed to appear on the return date. More than four years later, in November 2022, the plaintiff again moved pursuant to CPLR 5015 to vacate the dismissal order, to restore the action to the calendar, and to reinstate the notice of pendency (hereinafter the 2022 motion), contending that dismissal of the action had not been proper and that the default at the 2017 conference was due to law office failure. In an order entered June 29, 2023, the court denied the 2022 motion on the ground that directing dismissal of the complaint was proper pursuant to 22 NYCRR 202.27 and that the plaintiff's excuse was not reasonable. The plaintiff appeals.
Upon motion of any interested person, the Supreme Court may relieve a party of its own order where the court lacked a statutory basis for that order or on the ground of excusable default (see CPLR 5015[a]; HSBC Bank USA, N.A. v Trabolsi, 226 AD3d at 987; Bank of N.Y. v [*2]Harper, 176 AD3d 907, 909). A party seeking to vacate an order entered upon a failure to appear at a scheduled conference "must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action" (Beneficial Homeowner Serv. Corp. v Horan, 230 AD3d 1210, 1211; see Davis v 574 Lafa Corp., 206 AD3d 613, 615).
Pursuant to 22 NYCRR 202.27(b), "if all parties do not appear and proceed at any scheduled call of a calendar or at any conference, the court may note the default on the record, and, where the defendant appears but the plaintiff does not, dismiss the action" (Beneficial Homeowner Serv. Corp. v Horan, 230 AD3d at 1210). Although the plaintiff alleged that it had appeared by counsel at the 2017 conference, it failed to submit any evidence to support this claim. Accordingly, under the circumstances of this case, the Supreme Court providently exercised its discretion in determining that directing dismissal of the complaint was warranted pursuant to 22 NYCRR 202.27 when the plaintiff failed to appear at the 2017 conference (see Rivera v Waterview Towers, Inc., 235 AD3d 921, 925-926; Johnson v Aguwa, 176 AD3d 1039, 1040).
The Supreme Court also providently exercised its discretion in finding that the plaintiff failed to proffer a reasonable excuse for its failure to proceed. "Law office failure may qualify as a reasonable excuse for a party's default provided the claim of such failure is supported by a detailed and credible explanation of the default" (Ferreira v Singh, 176 AD3d 782, 784). Here, the plaintiff's excuse that the default was the result of the plaintiff substituting counsel prior to the 2017 conference and outgoing counsel not communicating the court's requirements to incoming counsel was conclusory and speculative (see OneWest Bank, FSB v Singer, 153 AD3d 714, 716). Moreover, the plaintiff offered no explanation for its nearly 1½-year delay in moving to vacate the default after the court directed dismissal of the complaint, for its abandonment of the 2018 motion, and for its additional delay of more than four years to file the 2022 motion (see Beneficial Homeowner Serv. Corp. v Horan, 230 AD3d at 1211-1212). "In light of the lack of a reasonable excuse, it is unnecessary to determine whether the plaintiff demonstrated the existence of a potentially meritorious cause of action" (Gutierrez v Plonski, 219 AD3d 807, 809; see Rivera v Waterview Towers, Inc., 235 AD3d 921). Accordingly, the court properly denied the plaintiff's motion pursuant to CPLR 5015 to vacate the dismissal order, to restore the action to the calendar, and to reinstate the notice of pendency.
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court