U.S. Bank N.A. v Handler (2025 NY Slip Op 06747)

U.S. Bank N.A. v Handler

2025 NY Slip Op 06747

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-02192
 (Index No. 41970/07)

[*1]U.S. Bank National Association, etc., appellant,
v
Michael Handler, et al., respondents, et al., defendants.

Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Michael V. Margarella and Andrew B. Messite], of counsel), for appellant.
Jeremy Rosenberg, Chestnut Ridge, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Rachel E. Freier, J.), dated November 22, 2023. The order granted the motion of the defendants Michael Handler and Miriam Handler for leave to reargue their opposition to the plaintiff's prior motion (1) pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated July 31, 2019 (Lizette Colon, J.), which, upon finding that the plaintiff defaulted in appearing at scheduled conferences and in timely filing a note of issue, directed dismissal of the action, (2) to restore the action to the active calendar, and (3) to extend the time to file the note of issue, which had been granted in an order of the same court dated February 16, 2023 (Rachel E. Freier, J.), and, upon reargument, in effect, vacated the order dated February 16, 2023, and, thereupon, denied the plaintiff's prior motion (1) pursuant to CPLR 5015(a)(1) to vacate the order dated July 31, 2019, (2) to restore the action to the active calendar, and (3) to extend the time to file the note of issue.
ORDERED that the order dated November 22, 2023, is affirmed, with costs.
On September 10, 2002, the defendant Michael Handler executed a note in the sum of $640,000 in favor of nonparty First Financial Equities, Inc., which was secured by a mortgage against certain real property located in Brooklyn. The mortgage was executed by Michael Handler and the defendant Miriam Handler (hereinafter together the defendants). In November 2007, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants.
Pursuant to an order dated February 11, 2019, the plaintiff was directed to file a note of issue on or before April 11, 2019. Pursuant to an order dated July 31, 2019 (hereinafter the dismissal order), the Supreme Court directed dismissal of the action based upon the plaintiff's failure to appear for a scheduled conference on July 31, 2019, to appear for a scheduled conference in April 2019, and to file the note of issue by the court-directed deadline.
In September 2021, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the dismissal order, to restore the action to the active calendar, and to extend the time to file the note of issue. In an order dated February 16, 2023, the Supreme Court granted the plaintiff's motion. The [*2]defendants subsequently moved for leave to reargue their opposition to the plaintiff's prior motion, inter alia, to vacate the dismissal order. In an order dated November 22, 2023, the court granted the defendants' motion for leave to reargue, and, upon reargument, in effect, vacated the order dated February 16, 2023, and, thereupon, denied the plaintiff's prior motion, among other things, to vacate the dismissal order. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting leave to reargue (see CPLR 2221[d][2]).
"'In order to vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action'" (Gutierrez v Plonski, 219 AD3d 807, 808, quoting Lee v Latendorf, 162 AD3d 1002, 1003). "Where the claim is supported by a detailed and credible explanation of the default, the court may accept law office failure as a reasonable excuse" (HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 646). However, "'[c]onclusory and unsubstantiated allegations of law office failure are not sufficient'" (id., quoting U.S. Bank N.A. v Barr, 139 AD3d 937, 938). Further, "'where the record demonstrates a pattern of default or neglect, the default should be considered intentional and, therefore, not excusable'" (Yaghmour v Mittal, 208 AD3d 1283, 1287, quoting Incorporated Vil. of Hempstead v Jablonksy, 283 AD2d 553, 554).
Here, the plaintiff's attorney's conclusory and unsubstantiated assertion that notice of the April 2019 conference "was not provided to Plaintiff's counsel" was insufficient to establish a reasonable excuse for his failure to appear at that conference (see JP Morgan Chase Bank v Herzberg, 233 AD3d 968, 969). Moreover, the plaintiff's attorney's bare and unsubstantiated assertions were insufficient to establish a reasonable excuse for his failure to file the note of issue by the court-directed deadline (see GMAC Mtge., LLC v Yun, 206 AD3d 796, 797). Although the plaintiff's attorney proffered a detailed explanation of law office failure for his failure to appear at the July 2019 conference, under the circumstances of this case, the record reflects a pattern of willful default and neglect (see Gutierrez v Plonski, 219 AD3d at 809; Wright v City of Poughkeepsie, 136 AD3d 809). Consequently, the plaintiff failed to sufficiently demonstrate a reasonable excuse, and, therefore, we need not reach the issue of whether it asserted a potentially meritorious cause of action (see JP Morgan Chase Bank v Herzberg, 233 AD3d at 969).
In light of our determination, we need not reach the defendants' remaining contention.
Accordingly, the Supreme Court properly, upon reargument, in effect, vacated the order dated February 16, 2023, and denied the plaintiff's prior motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the dismissal order.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court